Edwin J. Schlenvogt v. Commissioner.
Schlenvogt v. Commissioner
Docket No. 82647,
United States Tax Court
T.C. Memo 1961-331; 1961 Tax Ct. Memo LEXIS 18; 20 T.C.M. (CCH) 1702; T.C.M. (RIA) 61331; December 12, 1961
*18 George G. Young, Esq., for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined deficiencies in income tax and additions to tax as follows: Additions to Tax
Sec. 293(b),
Sec.
I.R.C.
294(d)(2),
Year
Deficiency
1939
I.R.C. 1939
1947
$ 1,352.75
$ 676.38
1948
8,828.67
4,414.34
1949
4,311.36
2,155.68
1950
20,065.72
10,032.86
1951
9,020.89
4,510.45
1952
6,656.00
$394.86
1953
2,128.00
The respondent concedes error with respect to the addition to tax under section 293(b) of the 1939 Internal Revenue Code for the year 1951. The issues involved are whether petitioner filed returns understating his net income for each of the years involved and whether petitioner's conduct was fraudulent for the taxable years 1947 to 1950, inclusive. Findings of Fact Petitioner, an individual, prepared and filed his Federal income tax returns for the calendar years 1947 to 1950, inclusive, with the then collector of internal revenue for the first district of Illinois at Chicago, Illinois. In these returns the petitioner listed his occupation as a lawyer and reported the *19 receipt of professional fees, adjusted gross income and tax liability as follows: Professional
Adjusted
Tax
Year
Receipts *
Gross Income
Liability
1947
$3,550.00
$2,206.12
$283.00
1948
3,800.00
2,105.52
216.00
1949
4,250.00
2,543.71
180.00
1950
4,600.00
2,806.36
232.00
In 1947 petitioner filed with his income tax return Schedule D which reflected short- and long-term capital gains totalling $155.57. With this exception, the professional receipts reflected above were the only income petitioner reported for the years 1947 to 1950, inclusive. On his returns for the years 1947 to 1950, inclusive, petitioner claimed overpayments of tax as follows: Year
Overpayment Claimed
1947
$17.00
1948
84.00
1949
44.00
1950
68.00
During the years from approximately 1939 to 1952, petitioner was a member of the Illinois Bar. Petitioner received an LL.B degree from DePaul University Law School in 1937. He engaged in the private practice of law in Chicago, Illinois, during the years 1945 through 1952. In 1946 and 1947 petitioner represented Josephine *20 Pechoc and Marie Pechoc, mother and daughter, respectively, (hereinafter referred to as the Pechocs) in the sale of their stock interest in Lincoln Meat Company, Chicago, Illinois. For the legal services petitioner rendered to the Pechocs he was paid a fee of $6,000 in 1947. Petitioner, who prepared his own income tax returns, failed to report the receipt of said fee on his 1947 return and failed to offer any explanation when asked by the examining revenue agent about his failure to report the $6,000 fee as income. Petitioner's income tax return for 1947 reflected an adjusted gross income of $2,206.12, whereas his correct net income was $7,706.12. Shortly after petitioner concluded the negotiations which involved Lincoln Meat Company, the Pechocs sought and received advice from petitioner regarding investments. On petitioner's recommendation the Pechocs bought and sold stock of United States Steel and certain other listed stocks. The proceeds from the sales were usually turned over to the Pechocs until sometime in 1948 when petitioner appropriated two checks of the Pechocs, one of which was in the amount of $2,000. Thereafter, petitioner, by means of false and misleading representation, *21 induced the Pechocs to deliver to him certain monies which he received and retained in the net amounts as follows: Year
Amount
1948
$24,750.00
1949
15,500.00
1950
25,006.12
Total
$65,256.12
In return for the monies petitioner received as a result of his misrepresentations he delivered to the Pechocs certain spurious loan agreements and notes purportedly representing valid obligations of existing companies. In certain instances the obligations were those of fictitious companies, but in another the purported obligations were those of an existing corporation. In the latter instance petitioner drew up purported loan agreements between such concern and the Pechocs and signed the agreements with a fictitious name as an officer of the existing corporation. The monies received by petitioner from the Pechocs were appropriated by petitioner to his own use and were applied in the main toward construction and furnishing of petitioner's personal residence which cost approximately $100,000. These monies represented additional income to the petitioner which he failed to report during the years designated. The petitioner, when questioned by the special agent who conducted *22 the examination of his returns, did not offer any explanation for his failure to report the monies he received from the Pechocs. Petitioner, who was an educated man, knew that his net worth did not exceed $2,500 at or about the time he started to build and furnish his $100,000 home. Petitioner, filed false and fraudulent returns for the year 1947 to 1950, inclusive, with intent to evade tax. Part of the deficiency for the years 1947 to 1950, inclusive, was due to fraud with intent to evade tax. Opinion There having been no evidence offered to the contrary, petitioner, who did not appear at the trial, has, of course, failed to sustain his burden of proof as to the deficiencies in income tax for the years 1947 to 1953, inclusive, and as to the addition to tax under section 294(d)(2) of the Internal Revenue Code of 1939 for the year 1952. Our ultimate finding disposes of the fraud issue for the years 1947 to 1950, inclusive. Failure to contest adjustments made in determining the deficiency in tax is not alone proof of fraud. Oscar G. Joseph, 32 B.T.A. 1192 (1935). Here, however, the respondent has carried his burden of proof on the fraud issue and has shown repeated *23 and systematic failures by petitioner to report large items of income received in the conduct of his law practice. This is strong and persuasive evidence of fraud, Holland v. United States, 348 U.S. 121 (1954), rehearing denied 348 U.S. 932 (1955), especially in the absence of any satisfactory explanation. M. Rea Gano, 19 B.T.A. 518 (1930). Petitioner is an educated man and was a member of the Illinois Bar for a substantial number of years prior to the period here involved, as well as for the years in which respondent has determined additions to tax under section 293(b) of the Internal Revenue Code of 1939, so that any explanation such as lack of understanding or innocent mistake, even if resorted to, would be unconvincing. Estate of Louis L. Briden, 11 T.C. 1095, 1135 (1948), affd. sub nom. Kirk v. Commissioner, 179 F. 2d 619 (C.A. 1, 1950). Respondent has shown that petitioner received a substantial legal fee in 1947 as well as other substantial amounts of taxable income in 1948, 1949 and 1950 which petitioner received by means of false and misleading representations he made to certain of his clients. This income *24 petitioner failed to report and its omission was both systematic and, by comparison with the amounts actually reported, of undoubted significance. The regular, unexplained and material failure to report items of income must be regarded as evidence of a fraudulent intent. Shahadi v. Commissioner, 266 F. 2d 495 (C.A. 3, 1959), affirming 29 T.C. 1157 (1958), certiorari denied 361 U.S. 874 (1959). Decision will be entered under Rule 50. Footnotes
*. Shown on Schedule C as representing profit from "business or profession."↩